THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN J. REAGAN, Appellant, *v.* JOHN N. PARTRIDGE, as Police Commissioner of the City of New York, Respondent.

*People ex rel. Reagan* v. *Partridge,* 103 App. Div. 609, modified.
(Argued February 28, 1906; decided March 13, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 12, 1905, which dismissed a writ of certiorari and affirmed the proceedings of the defendant in dismissing the relator from the police force of the city of New York.

*Abram I. Elkus, Carlisle J. Gleason* and *Percival G. Barnard* for appellant.

*John J. Delany, Corporation Counsel (Theodore Connoly, Terence Farley* and *Thomas F. Noonan* of counsel), for respondent.

HAIGHT, J. The relator was charged with : (1) Conduct unbecoming an officer ;

(2) Conduct injurious to the public peace ;

(3) Neglect and disobedience of orders under the rules of the police department, particularly numbering the rules claimed to have been disobeyed ;

(4) Neglect of duty ;

(5) Asking and receiving bribes upon the agreement that his action as an officer should be influenced thereby contrary to section 72 of the Penal Code ;

(6) Perjury committed in the Supreme Court, criminal term, in the case of *People* against *John D. Herlihy.* There were specifications accompanying these charges. The trial took place before one of the deputy commissioners, who, after taking the evidence presented on behalf of the prosecution, held that the evidence was insufficient to warrant a conviction on four of the charges specified and the trial thereupon proceeded upon the other two charges. At the conclusion of the evidence the deputy commissioner made the following report to the commissioner, accompanied by the evidence taken by

him: "After mature deliberation I find patrolman Stephen J. Reagan of the twenty-fifth precinct guilty of neglect of duty, in that he failed to repress or restrain the unlawful and disorderly houses within the twelfth precinct, to which precinct he was attached as precinct detective, between September 24th, 1899, and November 26th, 1900, and did not arrest the persons guilty of violating the laws or ordinances for the suppression and punishment of crimes and offenses in certain places charged in the complaint.

"I further find patrolman Stephen J. Reagan of the twenty-fifth precinct guilty of disobedience of rule 47, paragraph H of the Rules and Regulations of the police department.

"I recommend that the said patrolman Stephen J. Reagan of the twenty-fifth precinct be dismissed from the police force of the city of New York."

This report was signed by the deputy commissioner, N. B. Thurston, and underneath is indorsed the following: "Approved, August 22, 1902, John N. Partridge, Commissioner." Upon this report and the approval of the commissioner there was entered that which we will denominate the final order in the proceeding, under the same date, in which there is a recital of the proceedings, all of the charges, numbering them from one to six inclusive, the trial before the deputy commissioner, and the reference thereof to the police commissioner for his decision; and then concludes "Upon due consideration the police commissioner does adjudge the said Patrolman Stephen J. Reagan to be guilty of the charge and does convict him thereof and upon such conviction adjudges and determines that the said Patrolman Stephen J. Reagan be dismissed from the police force of the police department of the City of New York. By order of the commissioner." (Signed) " William H. Kipp, chief clerk."

It will be observed that the final order, in form, convicts the relator upon all of the charges upon which he was tried, whereas, in fact, four of the charges were dismissed during the trial by the deputy commissioner after the close of the evidence on behalf of the prosecution, and the trial then proceeded only upon the two remaining charges. Upon the conclusion of the evidence the deputy commissioner made his

report to the commissioner, finding the relator guilty upon those two charges, and thereupon recommended his removal.

The commissioner of police indorsed upon this report his approval, thereby confirming the conviction upon those two charges and the recommendation of the deputy for his removal. The final order appears to have been entered and signed by a clerk and not by the commissioner. It does not conform to the finding and recommendation of the deputy commissioner, which was approved and confirmed by the commissioner. It is, therefore, apparent that the commissioner's judgment in imposing the punishment of dismissal from the force was based solely upon the two charges upon which he was found guilty, and the only error appearing in the case is that the clerk in entering the final order did not conform the same to the findings which were approved by the commissioner. The Appellate Division has unanimously affirmed, and we conclude that the only modification required is that the final order, as entered, be made to conform to the findings approved by the commissioner, by striking out therefrom the four charges which had been dismissed during the trial. Inasmuch as this relief could have been obtained upon an application to the commissioner, upon calling his attention to the error of the clerk in entering the order, we think that no costs of this appeal should be allowed to either party.

The order of the Appellate Division should be modified in the particulars mentioned, and as modified affirmed, without costs to either party.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; O'BRIEN, J., not voting.

Ordered accordingly.